**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**



FILED

SEP 1 0 2013

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

| | |
|---|---|
| **RICHARD CAROZZONI**, INDIVIDUALLY AND ON BEHALF OF OTHER SIMILARLY SITUATED INDIVIDUALS, <br><br> PLAINTIFFS, <br><br> v. <br><br> **SUPERIOR MARBLE AND STONE, INC.** <br><br> DEFENDANT. | Civil Action No. 2:13CV496 <br><br><br> **COLLECTIVE ACTION COMPLAINT (JURY TRIAL DEMANDED)** |

Plaintiff Richard Carozzoni, individually and on behalf of other similarly situated individuals (collectively "Plaintiffs"), for this Complaint against Defendant Superior Marble and Stone, Inc. ("Superior Marble"), states as follows:

## INTRODUCTION

1.      Plaintiff Richard Carozzoni brings this action individually and on behalf of other similarly situated individuals pursuant to 29 U.S.C. § 216(b). Plaintiffs are individuals who were, or are, employed by Superior Marble as field laborers who installed fabricated stone and marble products at residential and/or commercial job sites, at any time within the last three years prior to the filing of this Complaint, and were not paid for compensable travel time in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). Plaintiffs bring this action to recover wages owed to them arising out of the unlawful practices of Defendant.

## JURISDICTION and VENUE

2. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331 because these claims are brought under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

3. Venue is proper in the Eastern District of Virginia under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

4. Defendant Superior Marble and Stone, Inc. is a Virginia corporation, maintaining its principal place of business in Portsmouth, Virginia, where it houses the largest natural stone yard in the Tidewater area. The Company fabricates stone and marble for residential and commercial use at its premises in Portsmouth, Virginia, and it installs its products for customers throughout Southeastern Virginia and Eastern North Carolina. Superior Marble employs approximately 50 or more employees, and it has revenues in excess of $500,000 per year. Superior Marble is an employer as defined by 29 U.S.C. § 203(d).

5. Named Plaintiff Richard Carozzoni was employed by Superior Marble as a field laborer from approximately July 2011 to May 23, 2013 installing stone and marble products for Superior Marble's customers. Carozzoni is a resident of Virginia Beach, Virginia. Carozzoni is an employee of Superior Marble as defined by 29 U.S.C. § 203(e).

6. As this case proceeds, it is likely that other individuals will sign consent forms and join this action as Opt-in Plaintiffs. Additional Plaintiffs are current and former employees of Superior Marble who in the previous three years worked as field laborers, or in similar positions, and did not receive all overtime compensation due to them under the FLSA.

2

## FACTUAL ALLEGATIONS

7.      Plaintiffs were, or are, all hourly employees whose duties consisted primarily of installing fabricated stone and/or marble products for Superior Marble's customers. They performed these duties at various residential and commercial job sites throughout Southeastern Virginia and Eastern North Carolina, and traveled to and from these job sites in Company vehicles provided by Superior Marble.

8.      At all relevant times, Superior Marble had a policy defining the workday for Plaintiffs as 7:30 a.m. to 4:00 p.m.

9.      At all relevant times, Superior Marble had a policy requiring Plaintiffs to report to the Superior Marble premises in Portsmouth, Virginia ("the shop") at the start of each work day. Upon arriving to the shop, Plaintiffs received job assignments, loaded equipment and materials onto Company vehicles, and traveled in the Company vehicles in crews of two to four to the first assigned job site of the day. Plaintiffs were typically assigned multiple job sites in a single day.

10.      At all relevant times, Superior Marble had a policy that Plaintiffs were not permitted to leave the job site prior to the end of the workday (4:00 p.m.), unless the installation at the job site had been completed and the Plaintiffs had no other job sites assigned for the day.

11.      At all relevant times, Superior Marble had a policy requiring Plaintiffs to bring Company vehicles back to the shop at the end of the workday.

12.      At all relevant times, Superior Marble had a policy that Plaintiffs would not be paid for travel time back to the shop unless (a) the job site was more than 40 miles from the shop, or (b) the Plaintiffs had finished the installation at the assigned job site and engaged in travel time back to the shop prior to 4:00 p.m ("Travel Time Policy").

13. Moreover, Superior Marble had a policy at all relevant times that any compensable travel time back to the shop under the Travel Time Policy described in paragraph 12(a) and (b), would be paid to Plaintiffs at their base rates, not overtime rates, regardless of the number of hours the Plaintiffs had worked in the workweek.

14. In the past three years, Plaintiffs regularly worked in excess of 40 hours in a workweek.

15. In the past three years, Plaintiffs engaged in travel time back to the shop after 4:00 p.m. on almost a daily basis but were not compensated by Superior Marble for that time.

16. In the past three years, Superior Marble did not compensate Plaintiffs with an overtime premium for hours worked over forty in a workweek engaging in compensable travel time back to the shop as defined in the Company's Travel Time Policy in paragraph 12(a) and (b). Instead, Plaintiffs were paid for such time at their base rates.

17. In addition to being similarly situated as described in the preceding paragraphs, Plaintiffs were also subject to the same timekeeping and payroll practices at all relevant times herein: They were required to submit a daily timesheet showing their clock-in time, the time they arrived at and left each job site, the time they left the last job site of the workday, and the time they arrived at the shop at the end of the workday. And according to the Company's handbook, the Plaintiffs' timesheets were crossed-referenced with the data provided by the GPS tracking device in each Company vehicle to calculate compensable time on the Plaintiffs' paychecks.

18. In the past three years, Plaintiffs complained to the Company for its failure to properly compensate them for compensable travel time under the FLSA. Superior Marble did not change its policies and practices.

19. In or around February 2013, Plaintiff Richard Carozzoni reported the Company's policies and practices described above to the Department of Labor Wage and Hour Division ("DOL"). DOL advised Mr. Carozzini that the Company's polices violate the FLSA.

20. In or around February 2013, Mr. Carozzoni reported the information he obtained from DOL to Mary Thompson, who runs the day-to-day operations of Superior Marble. Ms. Thompson responded that the Company would not change its policy and told Mr. Carozzoni that if he didn't like it, he could find another job.

21. Superior Marble knew or should have known that its policies and practices described above were unlawful.

22. Upon information and belief, the Company continues to engage in the policies and practices described above as of the date of this Complaint.

## COLLECTIVE ACTION FACTUAL ALLEGATIONS

23. Plaintiffs reallege and incorporate by reference the preceding paragraphs as if fully set forth herein.

24. Named Plaintiff Carozzoni's consent form to join this action is attached as **Exhibit A.** As the case proceeds, it is likely that other individuals will sign consent forms and join the case.

25. Pursuant to 29 U.S.C. § 216 (b), Named Plaintiff Carozzoni files this case as a collective action on behalf of himself and all similarly situated individuals. The proposed Collective class is defined as follows:

> All individuals who worked for Defendant as field laborers, or in similar jobs, at any time within three (3) years prior to the filing of this Complaint.

26. These individuals would benefit from court-supervised notice of this lawsuit and the opportunity to join. These similarly situated individuals are known to Defendant and are readily identifiable through Defendant's records.

## COUNT I: VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

27. Plaintiffs reallege and incorporate by reference the preceding paragraphs as if fully set forth herein.

28. During the statutory period, Plaintiffs were employed by Defendant as field laborers at its premises in Portsmouth, Virginia.

29. The FLSA requires employers to pay employees for all hours worked. The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked over forty hours per workweek.

30. Defendant's actions, policies and/or practices described above violated the FLSA's requirements by regularly and repeatedly failing to compensate Plaintiffs for time spent on work activities as described in this Complaint.

31. Defendant knew, or showed reckless disregard for the fact that it failed to pay Plaintiffs for overtime hours worked.

32. As the direct and proximate result of Defendant's unlawful conduct, Plaintiffs have suffered and will continue to suffer a loss of income and other damages. Plaintiffs are entitled to liquidated damages and are also entitled to attorneys' fees and costs incurred in connection with this claim.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of those similarly situated, prays for relief as follows:

1. A finding that Plaintiffs are similarly situated;

2. Certification of this case as a collective action pursuant to 29 U.S.C. § 216 (b);

3. Judgment against Defendant for an amount equal to Plaintiffs' unpaid back wages at the applicable overtime rate;

4. An equal amount to the unpaid back wages in liquidated damages;

5. An award of prejudgment interest (to the extent liquidated damages are not awarded);

6. Leave to add additional opt-in plaintiffs by the filing of written consent forms, or any other method approved by the Court;

7. Leave to amend to add claims under applicable state law;

8. Costs and attorneys' fees to the extent allowed by law; and

9. Such further relief as the Court deems just and equitable.

JURY TRIAL DEMANDED.

Respectfully submitted,

RICHARD CAROZZONI,
*By Counsel*

Dated:

Reid H. Ervin (VSB 01197)
rhervin@reidervin.com
Joshua L. Jewett (VSB 76884)
jjewett@reidervin.com
REID H. ERVIN & ASSOCIATES, P.C.
2400 Dominion Tower
999 Waterside Drive
Norfolk, VA 23510
Telephone: (757) 624-9323
Fax: (757) 624-8414