EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## NORFOLK DIVISION

RICHARD CAROZZONI, INDIVIDUALLY
AND ON BEHALF OF OTHER SIMILARLY SITUATED
INDIVIDUALS,

           PLAINTIFFS,

    v.

SUPERIOR MARBLE AND STONE, INC.

           DEFENDANT.

**Civil Action No. 2:13-cv-00496**

### DECLARATION OF JOSHUA L. JEWETT

1.    Along with Reid H. Ervin, I represent the Plaintiffs in this case. I submit this declaration in support of the parties' Joint Motion for Approval of Settlement Agreement and for Entry of Order Dismissing Case with Prejudice ("Joint Motion").

2.    On November 26, 2013, the parties agreed to the parameters of the Settlement Agreement now before the Court, of copy of which is attached as Exhibit A to the parties' Joint Motion (the "Agreement"). At that time, Plaintiffs' counsel informed the opt-in plaintiffs of the parameters of the settlement agreed to by Mr. Carozzoni. No opt-in plaintiff objected to the settlement.

3.    On March 10, 2014, the parties finalized the specific terms of the Agreement now before the Court, after numerous discussions between counsel. On March 12, 2014, Plaintiffs' counsel informed opt-in Plaintiffs Deal, Bonafe, Dodge, and Priest of the specific terms of the Agreement, including the payment of attorneys' fees, and the procedures for participating in the

Agreement. On March 14, 2014, Plaintiffs' counsel discussed the same with opt-in Plaintiff Rodgers and on March 27, 2014 with opt-in Plaintiff Wesseldine. No opt-in plaintiff objected to the Agreement or its terms; rather, each opt-in plaintiff, without exception, expressed appreciation for the result achieved by Mr. Carozzoni and his attorneys.

4.      Plaintiffs' counsel and their staff have spent 202 hours litigating this case and facilitating the settlement process. This time includes, (1) investigating and assessing the case, including researching the substantive and procedural issues in play, as well as potential ethical issues in representing the putative class; (2) preparing the Complaint; (3) researching and preparing Plaintiffs' Motion for Conditional Class Certification and Judicial Notice; (4) administering notice of the lawsuit to the putative class; (5) numerous discussions with Mr. Carozzoni, the Named Plaintiff; (6) interviews and numerous discussions with opt-in plaintiffs; (7) drafting discovery requests; (8) damage calculations; (9) reviewing hundreds of pages of time records and GPS records and verifying Defendant's backpay calculations under the terms of the Agreement; and (10) numerous communications with defense counsel. Plaintiff's Counsel's work to date has resulted in hourly fees of $43,796, approximately forty percent more than the agreed amount of $30,000.

5.      Plaintiffs' Counsel have also incurred $1,075 in costs. These costs include (1) filing fees, (2) online research, (3) postage, and (4) photocopies.

6.      There is no side deal between Plaintiffs' Counsel and the Plaintiffs for payment of the difference between the fees and costs incurred ($44,871) and the agreed amount of $30,000. There is no side deal between Plaintiffs' Counsel and the Plaintiffs for payment of future fees and costs likely to be incurred via the administration of the class settlement. And there is no side

deal between Plaintiffs' counsel and the Plaintiffs where Plaintiffs' counsel will collect a separate contingency fee from the Plaintiffs out of their settlement payments.

I declare under the penalty of perjury that the foregoing is true and correct.

Dated: May 12, 2014

_____
Joshua L. Jewett